IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAUREN CORK | *
Plaintiff, | *
v. | * Civil No. **22-3306 PJM**
UNITED STATES POSTAL SERVICE, *et al.*, | *
Defendants. | * |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Lauren Cork, a current employee of the United States Postal Service ("USPS"), has sued Defendants USPS and two of its Postmasters, Louis DeJoy and Lisa Hatton, for employment and disability discrimination, retaliation, and a myriad list of torts. Defendants have moved to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. ECF No. 9. For the following reasons, no hearing being necessary, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 9).

\* \* \*

To summarize her *pro se* Complaint, Cork alleges that her management at USPS has subjected her to verbal harassment, retaliatory threats to her job, and improper disclosures of her mental and physical status since 2016. Cork claims that she has consistently reported this behavior to her superiors (ranging from the Postmaster to the President of the United States) and filed "several" EEO complaints over the years, apparently with no relief.[1]

---

[1] A full list of Cork's claims can be found throughout her Complaint, ECF No. 1. The Court notes that many of them, such as "victimizing of the victim" and "the allowance of bullying and intimidation," do not appear to be legally cognizable.

1

In October 2022, Cork sued Defendants in the Circuit Court for Montgomery County, Maryland. From what the Court can surmise, she brings a number of discrimination and tort claims against Defendants resulting from this alleged conduct. As compensation, Cork requests $900,000 in lost wages, "being forced to deal with the harassment, pain and suffering mental and physical anguish," costs, and punitive damages. Compl., ECF No. 1 at 3.

Defendants timely removed the case to this Court and filed a Motion to Dismiss for lack of subject-matter jurisdiction and for failure to state a claim. ECF No. 9.[2] They make two arguments for why dismissal is warranted here: First, Cook has not met her burden to prove she exhausted her administrative remedies prior to bringing her discrimination and tort claims. Second, she fails to allege the basic elements for a discrimination claim under Title VII or any of the other tort-like claims named in her Complaint. The Court agrees with Defendants on both grounds.

At this early stage, Cork need only plead the essential elements of each of her claims, including sufficient factual bases to make them plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Certainly, the Court must construe all of Cork's factual allegations in a light most favorable to her, as the non-moving party. *Harrison v. Westinghouse Savannah River co.*, 176 F.3d 776, 783 (4th Cir. 1999). And the Court is obligated to accord liberal construction to the pleadings of self-represented litigants such as Cork. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the Court cannot ignore Cork's failure to plead facts that satisfy the statutory requirements of her claims and that give the

---

[2] On April 21, 2023, Plaintiff filed a Motion for Extension of Time "in order to provide all evidence [ ] which was requested as well as documents proving [her] case all the way up until the current date." ECF No. 11. But because supporting evidence still would not remedy the pleading deficiencies identified *infra*, the best way forward is for the Court to dismiss the current Complaint and grant Cork leave to file an amended one.

2

Defendants a sense of the allegations against which they must defend. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020) (noting that liberal construction of a *pro se* complaint does not mean "overlooking the pleading requirements of the Federal Rules of Civil Procedure").

Insofar as Cork is attempting to assert workplace discrimination or tort claims against the USPS or its individual employees, she must proceed pursuant to Title VII (42 U.S.C. § 2000e-16) and the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2675(a)), both of which require her to show prior exhaustion of her administrative remedies. But aside from alleging that she has filed "several" EEO complaints, Cork does not claim or otherwise show that any of these complaints were filed within 45 days of the alleged discriminatory conduct, as required by 29 C.F.R. § 1614.105(a)(1) for her Title VII claims, or that she presented and had her tort claims denied by USPS, as is required under the FTCA, 28 U.S.C. § 2675(a). Accordingly, until Cork can show she timely exhausted her administrative remedies, her claims under Title VII and the FTCA must be dismissed for lack of subject matter jurisdiction.

Lack of jurisdiction aside, Cork's Complaint must be dismissed for an additional reason: she has not pled the essential elements of her claims nor even key facts relevant to them. For example, she fails to allege membership in a protected class or that the alleged harassment occurred as a result of her protected-class status (required for a Title VII claim); she does not claim that she suffered a material change in the conditions of her employment as a result of her EEO complaints (necessary for a retaliation claim); and she provides no factual support for her nebulous claims of "breach of contract," "withholding information," and "willful disregard of safety," among others. These are just a few examples of the ways in which Cork's Complaint fails to state any claim.

Given leave to amend her complaint, which the Court will grant her, Cork may or may not be able to address the multiple deficiencies just discussed.

## CONCLUSION

Accordingly, the Court **ORDERS** that:

1. Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED WITHOUT PREJUDICE.**

2. Cork **SHALL** have thirty (30) days to file an amended complaint addressing the concerns raised in this Memorandum Opinion. Defendants may oppose and Cork may reply to the amended complaint within the timelines established by the Federal Rules of Civil Procedure.

3. Cork's Motion for Extension of Time to respond to Defendants' Motion to Dismiss (ECF No. 11) is **DENIED AS MOOT**.

A separate Order will **ISSUE.**

April 25, 2023

/s/ PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

4